BROWN, EGGERS and MITCHELL, INC., FORMERLY KENNETH A. STOECKLIN, C.P.A., P.C., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown, Eggers & Mitchell, Inc. v. Commissioner
Docket No. 6436-84.
United States Tax Court
T.C. Memo 1987-517; 1987 Tax Ct. Memo LEXIS 557; 54 T.C.M. (CCH) 860; T.C.M. (RIA) 87517; October 5, 1987. *557 Held, petitioner not entitled to an award of reasonable litigation costs under sec. 7430 since respondent's position was reasonable. Kenneth A. Stoecklin, pro se. Stephen R. Takecuhi and Keith H. Johnson, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: The facts of this case are set forth *558 in our previous Opinion, Stoecklin v. Commissioner,T.C. Memo 1987-453 (filed September 9, 1987), and along with the stipulated facts and attached exhibits are incorporated herein by reference. This case is presently before the Court on petitioner's motion pursuant to section 7430 [1] for an award of reasonable litigation costs. By notice dated December 12, 1983, respondent determined deficiencies in petitioner's Federal income tax as follows: Additions to Tax
Section
Section
Fiscal Year Ended
Deficiency
6653(a)(1)
6653(a)(2)
3/31/81
$ 3,821
$ 191
0
3/31/82
2,852
143
50% of int.
due on $ 2,852
Respondent's determination of deficiency resulted from his determination that petitioner was not entitled to deductions for "contracted administration" of $ 22,475 for the fiscal year ended March 31, 1981, and $ 16,754 for the fiscal year ended March 21, 1982. On brief, respondent conceded that petitioner was *559 entitled to these deductions as ordinary and necessary business expenses. Petitioner filed its motion for reasonable litigation costs on September 23, 1985. Petitioner's motion may be disposed of as not in compliance with Rule 231(a)(2) in that it was filed on September 25, 1985, which was prior to the 30-day period following service of a written opinion determining the issues in the case. See Groetzinger v. Commissioner,87 T.C. 533, 548 (1986). However, in disposing of petitioner's motion on more or less technical grounds, we do not want to leave petitioner with the impression that its motion would have been successful had the requirements of Rule 231 been complied with. Section 7430 provides that the prevailing party in civil tax cases may be awarded a judgment for reasonable litigation costs. The term "prevailing party" is defined in section 7430(c)(2) as a party that establishes that the position of the United States in the civil proceeding was unreasonable [2] and has either substantially prevailed with respect to the amount in controversy or has substantially prevailed with respect to the most significant issue presented. Respondent's position in this *560 case was nothing if not reasonable. As we found in our previous opinion, Kenneth A. Stoecklin, sole shareholder of petitioner, exercised complete control over petitioner. His refusal and hence petitioner's refusal to explain the nature of the "contracted administration" deduction led to respondent's determination of deficiency. [3] Upon discovering the nature of petitioner's "contracted administration" deduction, respondent was most timely in conceding the issue. Therefore, petitioner's motion must be denied. *561 An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule reference are to the Tax Court Rules of Practice and Procedure. ↩
2. The reasonableness standard of sec. 7430(c)(2) was amended by sec. 1551(d), Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752, to allow an award of reasonable litigation costs when the Government's position is not substantially justified. The amendment applies to actions commenced after December 31, 1985. The amendment is more in the nature of form than substance, and our decision here would not change were we operating under it. See Sher v. Commissioner,↩ 89 T.C.    (filed July 9, 1987), slip op. at 9. 3. We note that sec. 7430(b)(4), as added by sec. 1551(b), Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752, denies any award for litigation costs in civil action commenced after December 31, 1985, where the prevailing party has unreasonably protracted such proceeding. ↩